# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | CHAPTER 11 |
| Sanctuary Care, LLC, and | Case Number 17-10591 |
| Sanctuary at Rye Operations, LLC, | Case Number 17-10590 |
| | Joint Administration Motion Pending |
| Debtors | |

**ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PEFORMANCE; AND C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMNENT**

This matter having come before the Court upon the Debtor's Motion for an Order (A) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service; B) Deeming Utilities Adequately Assured of Future Performance; and C) Establishing Procedures for Determining Adequate Assurance of Payment pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "<u>Motion</u>"); and having reviewed the Motion and all papers related thereto; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. § 157(b); and notice of the Motion and the hearing thereon having been sufficient; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors, and good and sufficient cause having been shown,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED in its entirety;

2. The Debtor shall pay all post-petition utility charges in accordance with its pre-petition practices for post-petition utility services rendered by the utility providers to the Debtor.

3. The Debtor is deemed to have furnished the utility providers with adequate assurance of payment for post-petition services by depositing $5,241.00 in the Utility Deposit Account as defined in the Motion. This amount shall not be reduced by any amount presently being held by a utility provider. Absent further order of this Court, the Debtor will maintain the Utility Deposit Account with a minimum balance of $5,241.00 until the conclusion of this Chapter 11 proceeding; provided that with respect to any Additional Utility Provider, such account shall be increased in an amount equal to the estimated cost of two weeks' of such Additional Utility Provider's services utilized by the Debtor, based on a yearly average; provided, further, that any amount by which the Utility Deposit Account is increased with respect to an Additional Utility Provider shall also increase the minimum balance to be maintained under the Utility Deposit Account.

4. Absent any further order of this Court and except as set forth otherwise in this Order, all Utility Providers are prohibited from:

(a) discontinuing, altering, or refusing service to the Debtor on account of the commencement of this Chapter 11 case or any unpaid pre-petition charges and;

(b) discriminating against the Debtor, or requiring payment of a security deposit or receipt of any other security from the Debtor for continued service, as a result of the Debtor's bankruptcy filing or any outstanding pre-petition invoices.

5. If a utility provider is not satisfied with the assurance of future payment provided by the Debtor, the utility provider must serve a written request (the "Request") upon the Debtor.

The procedures for determining Requests for additional assurance of payment as described in the Motion are as follows:

    a.)    The utility provider must serve the Request upon the Debtor setting forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtor's payment history on each account, and an explanation of why the Utility Deposit is inadequate assurance of payment;

    b.)    The Request must be actually received by proposed Debtor's counsel, Peter N. Tamposi, Esq., 159 Main Street, Nashua, New Hampshire 03060 within twenty (20) days of the date of entry of an order approving the Motion or, with respect to Additional Utility Providers, within ten (10) days of the mailing of supplemental service (the "<u>Request Deadline</u>");

    c.)    Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a utility provider serving a timely Request, if the debtor, in its discretion, determines that the Request is reasonable;

    d.)    If the Debtor believes that a Request is unreasonable, it shall, within ten (10) days after the Request Deadline, seek a hearing pursuant to section 366(c)(2) of the Bankruptcy Code (a "<u>Determination Hearing</u>") for a determination by the Court that the Utility Deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment. Pending the Determination Hearing, the utility provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtor nor recover on or setoff against a pre-petition deposit;

    e.)    If a utility provider fails to send a Request by the request deadline, such utility provider will have waived its right to make a Request and will be deemed to have

received, by virtue of the Utility Deposit, adequate assurance of payment in accordance with section 366(c)(1)(A) of the Bankruptcy Code; and

    f.)  Based on the establishment of the Utility Deposit, a utility provider will be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

 6. The Debtor is authorized, it its sole discretion, to amend the list of utility providers attached as Exhibit A to the Motion to add or delete any utility provider.

 7. Nothing in this Order or on Exhibit A constitutes a finding that any entity is or is not a utility company for purposes of this Order or under section 366 of the Bankruptcy Code.

 8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

 9. Notwithstanding the applicability of any bankruptcy rules, the terms and conditions of this Order Shall be immediately effective and enforceable upon ist entry.

 10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

 Dated: __May 02, 2017__ Manchester, New Hampshire.

          /s/ Bruce A. Harwood
          UNITED STATES BANKRUPTCY JUDGE